UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE MICHAEL DEVERNEY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 23-966** |
| **WESTFIELD INSURANCE COMPANY AND TANGLEWOODS APARTMENT** | **SECTION: R (1)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Bruce Michael DeVerney filed the above-captioned matter in this Court in which he asserts a claim against Westfield Insurance and Tanglewood Apartments for injuries he suffered when he was hit on the head by a metal bar while workers were repairing the roof. Because there is no basis for federal jurisdiction over his claims, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

### Background

Mr. DeVerney alleges that on March 21, 2022, while sitting on his patio, a metal bar released by workers repairing the roof struck him on the head, knocking him unconscious. He was awakened by the police and emergency medical technicians on the scene and taken to the emergency room. A large spot was detected on his brain, and the physician attributed it to the head injury. He filed this Complaint against Westfield Insurance and Tanglewood Apartments on March 17, 2023, seeking damages of $75,000 along with $50,000 for future medical expenses.

Mr. DeVerney also filed a motion for leave to proceed in forma pauperis, without prepayment of costs. The Court granted him leave to proceed in forma pauperis, but ordered that summons be withheld and that Mr. DeVerney show cause why this case should not be summarily

dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).[1] Mr. DeVerney responded in writing and reiterated the factual basis for his claims. However, he did not address the jurisdictional issues or otherwise object to the court's preliminary analysis of its jurisdiction.

Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

---

[1] After the original deadline to respond passed, the undersigned issued a Report and Recommendation recommending dismissal. However, it was then brought to the Court's attention that Mr. DeVerney's address had not been put on the docket sheet and he had not received a copy of the Court's order. The previous Report and Recommendation was vacated, the original show cause order was sent to Mr. DeVerney, and a new deadline to show cause was set.

Further, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court "'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Mr. DeVerney has not referenced a basis for jurisdiction in his Complaint. On the face of the Complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331 because no federal cause of action has been alleged. Additionally, on the face of the Complaint, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have not been satisfied.

In order for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. 28 U.S.C. § 1332; see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." Getty Oil, 841 F.2d at1259. Here, plaintiff DeVerney is an individual residing in Louisiana and appears to be a citizen of this state.[2] Defendant Westfield Insurance is alleged to have an address in Ohio. Defendant Tanglewood Apartments is alleged to have an address in Westwego, Louisiana. It is unclear what type of entities Westfield and Tanglewood are. If they are corporations, each will be a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332. The citizenship of an unincorporated association like a limited partnership or a limited liability company is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). Based on the addresses provided, it appears that Westfield may be an Ohio citizen and Tanglewood may be a Louisiana citizen. The Court has also searched

---

[2] "[G]enerally state citizenship for diversity purposes is considered synonymous with domicile." Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC, 541 B.R. 337, 349 (M.D. La. 2015).

the publicly available entity search feature of the Louisiana Secretary of State's website.[3] It indicates that Tanglewood is a limited liability company with three members. The members are individuals and they all list Louisiana mailing addresses, indicating they are domiciled in Louisiana. All available information indicates that Tanglewood is a Louisiana citizen. This means that diversity of citizenship is not complete, which precludes this Court from exercising subject matter jurisdiction over Mr. DeVerney's claim. In issuing the show cause order, the Court has provided this information and analysis to Mr. DeVerney. In his response, Mr. DeVerney offers no reason to believe that Tanglewood may be a citizen of a state other than Louisiana. Importantly, it is Mr. DeVereny's burden to establish that complete diversity exists. Getty Oil, 841 F.2d at1259. Mr. DeVerney has not satisfied that burden because there is no basis from which to conclude that diversity is complete.

The Court finds that it lacks subject matter jurisdiction over Mr. DeVerney's claims under § 1331 or § 1332. Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED for lack of subject-matter jurisdiction, without prejudice to the filing of Mr. DeVerney's claims in the appropriate state forum.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

---

[3] https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=495901_3391080E53 (last accessed Apr. 16, 2024).

accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 23rd day of April, 2024.

                                                                                               Janis van Meerveld
                                                                       United States Magistrate Judge